UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OCCUPY NASHVILLE, PAULA ELAINE PAINTER, MALINA CHAVEZ SHANNON, LAUREN MARIE PLUMMER, ADAM KENNETH KNIGHT, WILLIAM W. HOWELL, DARRIA HUDSON, and KATY SAVAGE,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM EDWARD ("BILL") HASLAM, GOVERNOR OF THE STATE OF TENNESSEE, WILLIAM L. GIBBONS, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF GENERAL SAFETY, STEVEN G. CATES, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF GENERAL SERVICES, and TENNESSEE HIGHWAY PATROL OFFICERS DOES 1-210,<br><br>    Defendants. | Case No. 3:11-cv-01037<br>Judge Aleta A. Trauger |

## ORDER

For the reasons set forth in the accompanying Memorandum, the court hereby finds as follows:

- The defendants' Motion for Summary Judgment (Docket No. 69) is **GRANTED IN PART and DENIED IN PART**. The plaintiffs' Motion for Summary Judgment (Docket No. 72) is **GRANTED IN PART and DENIED IN PART**.

- The following claims are hereby **DISMISSED WITH PREJUDICE** in favor of all defendants: (1) claims against the "John Doe" defendants; (2) claims under the Fifth Amendment; (3) claims under the Tennessee Constitution and the UAPA (Counts III, IV, and VI)); (3) the selective enforcement claim (Count II), (4) the unlawful seizure of personal property claim (Count VII); (4) the retaliation claim (Count IX); (5)

1

individual capacity claims by plaintiff Malina Shannon; and (6) the claims by plaintiff Katy Savage for false arrest.

- Commissioners Cates and Gibbons, in their individual capacities, are liable (1) to the plaintiffs (other than plaintiff Shannon) as to Counts I and V and (2) to the plaintiffs (other than plaintiffs Shannon and Savage) as to Count VIII. Governor Haslam was sued in his official capacity only and, therefore, is not liable in his personal capacity on any claims.

- Although no further equitable relief is required from the court, the plaintiffs have prevailed on their official capacity claims against Governor Haslam, Commissioner Cates, and Commissioner Gibbons.

- By July 1, 2013, the parties shall file a joint statement as to whether they will require further briefing and/or an evidentiary hearing to resolve remaining issues relating to damages and fees.

In light of the foregoing findings, the trial date and pre-trial conference date are hereby removed from the court's calendar. With respect to claims on which the plaintiffs have prevailed, the court will reserve entering judgment in the plaintiffs' favor until issues related to damages are resolved.

It is so **ORDERED**.

Enter this 12th day of June 2013.

_____
ALETA A. TRAUGER
United States District Judge